**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Deters,* **Slip Opinion No. 2018-Ohio-5025.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5025

DISCIPLINARY COUNSEL *v.* DETERS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Deters,* Slip Opinion No. 2018-Ohio-5025.]**

*Attorneys—Misconduct—Multiple violations of the Rules of Professional Conduct—Respondent's law license indefinitely suspended.*

(No. 2018-0535—Submitted May 22, 2018—Decided December 18, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-076.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Mark Alan Deters, of Toledo, Ohio, Attorney Registration No. 0085094, was admitted to the practice of law in Ohio in 2009.

**{¶ 2}** In a nine-count complaint certified to the Board of Professional Conduct on November 29, 2016, relator, disciplinary counsel, alleged that Deters committed multiple violations of the Rules of Professional Conduct. The alleged

misconduct centered around Deters's convictions for driving while under the influence and violating a civil protection order. Among other claims, Deters was also alleged to have failed to keep eight separate clients reasonably informed about the status of their cases and to promptly refund the unearned portion of his clients' fees upon the termination of his representation. Relator subsequently alleged similar ethical violations arising from Deters's representation of more than ten additional clients.

{¶ 3} On September 29, 2017, we issued an interim remedial suspension that prohibited Deters from practicing law pending the final disposition of this disciplinary proceeding. *Disciplinary Counsel v. Deters*, 151 Ohio St.3d 1216, 2017-Ohio-7892, 85 N.E.3d 748.

{¶ 4} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors, and stipulated to the admission of 108 exhibits. Based on those stipulations and the evidence adduced at a hearing, a panel of the Board of Professional Conduct recommended that Deters be indefinitely suspended from the practice of law, and that we place certain conditions on his reinstatement. The board adopted the panel's report and recommendation, and no objections have been filed by the parties.

{¶ 5} We adopt the board's findings of fact and misconduct and indefinitely suspend Deters from the practice of law in Ohio with conditions on his reinstatement.

**Misconduct**

*Counts I - III: 2015 Contempt and Criminal Convictions*

{¶ 6} In June 2015, Deters failed to appear on behalf of a client before the Fairborn Municipal Court in a traffic case. One week later, he was late for another client's bench trial. In each case, the judge issued orders to Deters to show cause why he should not be found in contempt. On July 9, 2015, Deters pleaded guilty to both counts and offered to contact the Ohio Lawyers Assistance Program

("OLAP"). The judge found him in contempt and ordered him to pay fines and costs totaling $730, which Deters paid that day. *See State v. Deters*, Fairborn M.C. No. CR 1501086, and *State v. Deters*, Fairborn M.C. No. CR 1501120.

{¶ 7} In July 2015, Deters was pulled over in Xenia and subsequently charged with misdemeanor counts of operating a motor vehicle while under the influence ("OVI"), excessive speed, and not having his vehicle-registration paperwork. *State v. Deters*, Xenia M.C. No. 15-TRC-03189. During the traffic stop, police conducted an inventory search of his vehicle and found a loaded handgun in the center console. Consequently, Deters was also charged with two counts of improperly handling a firearm in a motor vehicle. *State v. Deters*, Xenia M.C. No. 15-CRB-01227. On July 17, 2015, Deters was arraigned and pleaded not guilty.

{¶ 8} Despite a domestic-violence civil protection order ("CPO") against Deters prohibiting him from contacting his estranged wife (*State v. Deters*, Lucas C.P. No. DV2015-0464), in mid-August 2015, Deters had an altercation with her. As she and some of her family members were driving away from the marital residence, Deters threw a wine glass toward their vehicle, striking one of the vehicle's occupants in the head. The following day, Deters was arrested and charged with misdemeanor offenses of assault, violating a protective order, and obstructing official business. *See State v. Deters*, Xenia M.C. No. 15-CRB-01506.

{¶ 9} On October 7, 2015, Deters pleaded guilty to the charges in all his pending Xenia Municipal Court cases, with the OVI charge having been amended to maintaining physical control of a vehicle while under the influence.[1] The trial court revoked Deters's bond and ordered him to be held in jail pending his sentencing hearing. The following month, the court sentenced Deters to 180 days

---

1. Deters also pleaded guilty to two minor-misdemeanor offenses stemming from an August 13, 2015 incident—failure to confine a dog and failure to register a dog. *See State v. Deters*, Xenia M.C. No. 15-CRB-1509.

in jail with credit for time served (giving him 137 days to serve in the Greene County Jail), followed by a three-year term of intensive probation including drug, alcohol, and mental-health assessments, and 90 days of "SCRAM" (secure continuous remote alcohol monitoring). Deters was also ordered to not have any contact with his estranged wife and to pay fines and costs totaling $1,798, which he has paid in full.

{¶ 10} However, before the date on which Deters's bond was revoked by the Xenia Municipal Court, Deters had contacted his estranged wife through text messages and social media and was charged with additional violations of the CPO. *State v. Deters*, Sylvania M.C. Nos. CRB 1501833A and CRB 1501833B. But due to his incarceration on the Xenia Municipal Court matters, Deters had failed to appear for the scheduled hearings on the newest CPO-violation cases. In March 2016, after serving his sentence from the Xenia Municipal Court cases, Deters pleaded guilty to one of the CPO violations and the other was dismissed. He was sentenced to 180 days in jail, with 170 days suspended on probationary conditions for five years, and ordered to pay a $600 fine and court costs.

{¶ 11} The parties stipulated and the board agreed that Deters's contempt convictions from the Fairborn Municipal Court violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and that the conduct underlying his convictions in the Xenia and Sylvania Municipal Courts violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*Counts IV - XI: Cases Pending During Deters's Incarceration (October 2015 to March 2016)*

{¶ 12} Before Deters was incarcerated in October 2015, eight separate clients paid him flat fees ranging from $1,500 to $3,500 to represent them in pending criminal cases. Deters stipulated that he violated Prof.Cond.R. 1.16(e) in

4

each case (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment). Although he performed some work on behalf of those clients and his office staff sought continuances for their hearings while Deters was in jail, Deters failed to timely inform many of his clients of his incarceration. Moreover, Deters failed to return phone calls from some of the affected clients. In at least two instances, warrants were issued for the clients' arrest after court-scheduled hearings were missed due to Deters's incarceration and his failure to notify his clients of his circumstances. And in another case, Deters failed to turn the client's file over to new counsel following the termination of his representation.

{¶ 13} Furthermore, Deters waited more than one year after his representation had terminated to issue refunds to two of the affected clients. And at the time of Deters's disciplinary hearing, he had not refunded unearned fees (ranging from $1,500 to $3,500) to four of his clients.

{¶ 14} The parties stipulated and the board agreed that by engaging in the conduct described in these counts, Deters committed four violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), six violations of Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), two violations of Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), three violations of Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), one violation of Prof.Cond.R. 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), eight violations of Prof.Cond.R. 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from

employment), and two violations of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

*Count XII:  Neglect of Appellate Matters Following Incarceration*

**{¶ 15}** Deters filed notices of appeal for two separate clients in September 2016, but failed to timely file appellate briefs or respond to the court's show-cause orders in those cases.  The court dismissed one case for lack of prosecution and appointed new counsel to represent the appellant in the second case.  The parties stipulated and the board agreed that this conduct violated Prof.Cond.R. 1.3 and 8.4(d).

*Count XIII:  Additional Misconduct From March 2016 to March 2017*

**{¶ 16}** On March 9, 2017, Deters was arrested and charged with disorderly conduct/public intoxication, a fourth-degree misdemeanor.  He posted bond and was released from jail later that day.  *State v. Deters*, Kettering M.C. No. 17CRB-00605.  Subsequently, he pleaded guilty to an amended charge of disorderly conduct, a minor misdemeanor, for which the trial court imposed a suspended $100 fine and court costs.  In the interim, however, Deters had failed to notify his probation officer of his arrest.  He was arrested for a probation violation and held in the Greene County Detention Center, though he was later furloughed to attend inpatient drug-and-alcohol treatment.  Following his return to the detention center, the Xenia Municipal Court revoked his probation and imposed the remaining 389 days of his previously suspended sentences.  *State v. Deters*, Xenia M.C. Nos. 15-CRB-01227 and 15-CRB-01506.  At Deters's request, the court ordered that he be admitted to a residential treatment program housed in the detention center.

**{¶ 17}** From the time that Deters was released from the Greene County Detention Center in March 2016 until his arrest in March 2017, he had accepted thousands of dollars in flat-fee payments from ten separate, additional clients.  However, Deters failed to perform the contracted legal work, spent the unearned fees on his own personal and business expenses, and failed to refund any portion of

the unearned fees. The board found that Deters owed the ten affected clients refunds totaling $19,305.39.

{¶ 18} The parties stipulated and the board found that Deters's conduct in each of those cases violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.16(e), and 8.4(h), and that Deters also violated Prof.Cond.R. 1.15(c) by failing to deposit advanced fees into his client trust account in four of those cases. The panel unanimously dismissed one other alleged rule violation.

### Sanction

{¶ 19} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 20} As aggravating factors, the board found that Deters engaged in a pattern of misconduct involving multiple offenses, *see* Gov.Bar R. V(13)(B)(3), that resulted in numerous violations of the professional-conduct rules, *see* Gov.Bar R. V(13)(B)(4). His failure to perform contracted legal services caused harm to vulnerable clients. *See* Gov.Bar R. V(13)(B)(8). Specifically, it caused significant delay in the disposition of his clients' legal matters, triggered the issuance of arrest warrants for at least two of his clients, and led to the dismissal of another client's criminal appeal for lack of prosecution. Deters's failure to refund unearned fees also deprived multiple clients of their funds for a substantial period of time.

{¶ 21} The board found that two mitigating factors applied. Deters made a full-and-free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings despite his incarceration. *See* Gov.Bar R. V(13)(C)(4). He has also had other penalties and sanctions imposed for his criminal conduct and contempt-of-court cases. *See* Gov.Bar R. V(13)(C)(6).

{¶ 22} Deters has been diagnosed with severe alcohol and methamphetamine-specific stimulant-use disorders and an underlying mental

disorder. At Deters's disciplinary hearing, he testified that he began abusing alcohol in 2013, as a personal loss led to additional family-related difficulties that included his criminal conduct and the demise of his marriage. Deters also stated that (1) he had successfully completed an intensive six-week outpatient-treatment program, (2) at the time of his disciplinary hearing, he had been sober for 10 months, and (3) he had recently re-engaged his OLAP contract. He also suggested that he would resume treatment for his mental disorder once he obtained health insurance. But Deters made no claim that his diagnosed disorders qualified as a mitigating factor pursuant to Gov.Bar R. V(13)(C)(7).

**{¶ 23}** The parties have stipulated and the board has found that the appropriate sanction for Deters's misconduct is an indefinite suspension from the practice of law. In support of that sanction, the parties considered three cases in which we indefinitely suspended attorneys who neglected their clients' legal matters, failed to reasonably communicate with their clients, and misappropriated client funds—all while abusing alcohol and/or drugs. *See Cleveland Metro. Bar Assn. v. Lemieux*, 139 Ohio St.3d 320, 2014-Ohio-2127, 11 N.E.3d 1157; *Cincinnati Bar Assn. v. Lawson*, 119 Ohio St.3d 58, 2008-Ohio-3340, 891 N.E.2d 749; *Columbus Bar Assn. v. McCorkle*, 105 Ohio St.3d 430, 2005-Ohio-2588, 828 N.E.2d 99. We agree that an indefinite suspension is the appropriate sanction for Deters's misconduct.

**{¶ 24}** Accordingly, Mark Alan Deters is indefinitely suspended from the practice of law in Ohio and ordered to make restitution as follows: $2,000 to Tammy Ault, $2,500 to Guy Baker, $3,000 to Jay K. Brown, $2,500 to Derek R. Cummings, $1,500 to William Gonzalez, $1,500 to Sarah T. Greggerson, $1,805.39 to Todd A. Grubb, $2,400 to Burt Hawkins, $1,000 to Harold W. Johnson, $2,500 to Dana Konicki, $3,000 to Johnathan W. Martin, $1,500 to Kyra Milton, $500 to James Moers II, and $3,500 to Steven Muench.

**{¶ 25}** In addition to the requirements set forth in Gov.Bar R. V (25)(D)(1), Deters's reinstatement shall be conditioned on the submission of proof that he has (1) complied with all terms and treatment recommendations of his existing OLAP contract and any extensions deemed necessary by OLAP, (2) received a prognosis from a qualified chemical-dependency professional and, if applicable, a qualified mental-health professional, stating that he is capable of returning to the competent, ethical, and professional practice of law, and (3) made full restitution to the clients identified herein or reimbursed the Lawyers' Fund for Client Protection for any amounts awarded to those individuals. Costs are taxed to Deters.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

————————————

Scott J. Drexel, Disciplinary Counsel; Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel; and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Mathews, for respondent.

————————————